IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DUSTIN HANKS,

      Plaintiff,

vs.                                Civ. No. 10-388 RHS/ACT

RESTAURANT CONCEPTS II, LLC
d/b/a APPLEBEE'S,

      Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

**THIS MATTER** comes before the Court on consideration of Defendant's Motion to Strike, filed December 28, 2010 **[Doc. 36]**. Defendant seeks to strike Plaintiff's jury demand, filed on December 9, 2010 **[Doc. 30]**, as untimely. Plaintiff opposes Defendant's motion, arguing that there are no strong or compelling reasons to deny his request for a jury trial. Having considered the parties' submissions, the relevant authorities and being otherwise advised in the premises, the Court finds that Defendant's motion should be denied.

A party may demand a jury trial on any issue triable of right by a jury by "serving the other parties with a written demand . . . no later than 14 days after the last pleading directed to the issue is served." FED. R. CIV. P. ("Rule") 38(b). Plaintiff does not dispute that his jury demand was untimely filed, explaining that counsel "was under the unfortunately mistaken impression that a jury demand was made in state court." (Response to Defendant's Motion to Strike ("Response") at 1, filed Jan. 16, 2011 **[Doc. 44]**). Thus, Plaintiff has waived his right to a jury trial under Rule 38. See Rule 38(d) ("A party waives a jury trial unless its demand is properly served and filed.").

However, Plaintiff's right to a jury trial does not turn solely on Rule 38.  Under Rule 39(b), the Court has discretion, "on motion, [to] order a jury trial on any issue for which a jury might have been demanded."  In his Response, Plaintiff requests the Court to exercise its discretion under Rule 39 to grant his untimely request for a jury trial.  See Federal Deposit Ins. Corp. v. Palermo, 815 F.2d 1329, 1333-34 (10th Cir. 1987) (noting that "the failure to file the request as a 'motion' should not be deemed fatal").

The Court does not abuse its discretion in denying relief under Rule 39(b) "when the failure to make a timely jury demand results from nothing more than the mere inadvertence of the moving party."  Nissan Motor Corp. v. Burciaga, 982 F.2d 408, 409 (10th Cir. 1992).  Plaintiff points out that on August 2, 2010, the parties submitted a Joint Status Report and Provisional Discovery Plan ("JSR") **[Doc. 12]** indicating, with no exceptions, that this is a jury case.  (See JSR at 8).  On August 17, 2010, the Court adopted the JSR submitted by the parties.  (See Order Adopting JSR with Changes and Setting Case Management Deadlines **[Doc. 17]**).  Plaintiff argues that no party would be prejudiced by a jury trial, pointing out that no trial date has been set and Defendant was on notice from the JSR and the Court's adoption of the same, that this case was intended as a jury case.

Compliance with the time limits set forth in the federal rules of procedure is an important and substantial consideration, and the Court agrees with Defendant that Plaintiff offers little justification, other than inadvertence, for failing to timely file a jury demand.  In no way does the Court condone Plaintiff's inadvertent failure to timely request a jury trial pursuant to Rule 38.  However, Defendant does not dispute Plaintiff's assertion that no prejudice would result from a jury trial in this case.  Nor does Defendant offer a compelling reason to deny Plaintiff's untimely request for a jury trial.  See Nissan, 982 F.2d at 409 ("[A]bsent strong and compelling reasons to

the contrary, a district court should exercise its discretion under Rule 39(b) and grant a jury trial.") (citing AMF Tuboscope, Inc. v. Cunningham, 352 F.2d 150, 155 (10th Cir. 1965)).

In AMF, the Tenth Circuit notes that "[t]he constitutional right to a jury trial under the Seventh Amendment is a fundamental right and the federal policy favoring jury trials is of historic and continuing strength." AMF, 352 F.2d at 155 (citation and internal quotation marks omitted). In the absence of strong and compelling reasons to deny Plaintiff's Rule 39(b) request, and mindful of the federal policy favoring jury trials, the Court will deny Defendant's Motion to Strike, and exercise its discretion to grant Plaintiff's untimely request for a jury trial.

**WHEREFORE**,

**IT IS ORDERED** that Defendant's Motion to Strike **[Doc. 36]** is **denied**.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE